UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG FLEMING,<br><br>   Plaintiff,<br><br>  v.<br><br>IMPAX LABORATORIES INC., et al.,<br><br>   Defendants. | Case No. 16-cv-06557-HSG<br><br>**ORDER GRANTING MOTION TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL, AND SETTING DEADLINES FOR FILING AND SERVICE OF AMENDED COMPLAINT**<br><br>Re: Dkt. No. 13 |

  This is a securities fraud class lawsuit on behalf of a putative class of persons who purchased the publicly-traded securities of Impax Laboratories Inc. ("Impax") between February 20, 2014 and November 2, 2016. Dkt. No. 1 ("Compl.") ¶ 1. The case was filed on November 11, 2016, by Plaintiff Greg Fleming, who is represented by the law firm Pomerantz LLP. *Id.* at 1. On January 9, 2017, putative class member New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund ("Fund"), represented by the law firm Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), filed a motion to appoint the Fund as lead plaintiff and to approve the Fund's selection of Robbins Geller as lead counsel, Dkt. No. 13 ("Mot.") at 1-2, as well as a supporting declaration, Dkt. No. 14 ("McCormick Decl."). On January 30, 2017, the Fund filed a notice of unopposed motion, requesting that the motion be granted and that the motion hearing be taken off calendar. Dkt. No. 18. At the February 14, 2017 case management conference, the Court granted the motion from the bench, set a deadline for the filing of an amended complaint, and stated that a written order would follow. Dkt. No. 27.

**I. APPOINTMENT OF LEAD PLAINTIFF**

  The Private Securities Litigation Reform Act ("PSLRA") "instructs district courts to select as lead plaintiff the one 'most capable of adequately representing the interests of class members.'" *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)).

1  "The 'most capable' plaintiff—and hence the lead plaintiff—is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *See id.* at 729. The Ninth Circuit has interpreted the PSLRA as establishing "a simple three-step process for identifying the lead plaintiff pursuant to these criteria." *Id.* at 729.

### A. Step One

Step One consists of meeting the PSLRA's notice requirement. *See id.* at 729. "The first plaintiff to file an action covered by the [PSLRA] must post this notice 'in a widely circulated national business-oriented publication or wire service.'" *Id.* at 729 (quoting 15 U.S.C. § 78u-4(a)(3)(A)(i)). The notice must be published within 20 days of the filing of the complaint. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). The notice must also alert putative class members "(I) of the pendency of the action, the claims asserted therein, and the purported class period; and(II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *Id.* § 78u-4(a)(3)(A)(i).

Here, notice was published in *Business Wire* less than 20 days after the filing of the complaint. *Compare* McCormick Decl., Ex. A *with* Compl. BusinessWire is a "global leader in press release distribution and regulatory disclosure." BusinessWire, *About Us*, http://www.businesswire.com/portal/site/home/about (last visited February 14, 2017). The notice announced the filing of the class action, described the suit's allegations, specified the putative class period, and explained that any motion to be appointed as lead plaintiff had to be filed by January 9, 2017. *See* McCormick Decl., Ex. A. Accordingly, the Court finds that Step One's requirements are met.

### B. Step Two

Step Two consists of identifying the presumptive lead plaintiff. *See Cavanaugh*, 306 F.3d at 729-30. The statute states that there is a rebuttable presumption that the "most adequate plaintiff" is the one who "(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i); (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Thus, once the filing

1 requirement of subsection (a)(3)(A)(i)(aa) is met, the district court must "compare the financial
2 stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit."
3 *See Cavanaugh*, 306 F.3d at 730.  Next, the district court is required to "focus its attention on *that*
4 plaintiff and determine, based on the information he has provided in his pleadings and
5 declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality'
6 and 'adequacy.'" *Id.* at 730 (emphasis in original).  If so, he is the presumptive lead plaintiff. *Id.*
7 at 730.

8 Here, the Fund filed its motion to be appointed lead plaintiff by the January 9, 2017
9 deadline, *see* Mot., satisfying the requirement of subsection (a)(3)(A)(i)(aa).  Moreover, the Fund
10 spent $508,218 purchasing 21,189 shares of Impax stock, and suffered alleged losses totaling
11 $162,625 as result of Impax's alleged misconduct.  *See* McCormick Decl., Exs. B-C.  Since the
12 Fund's motion is unopposed and no other putative class member filed a motion, *see* Dkt. No. 18,
13 no one is claiming to have suffered greater losses than the Fund.  Therefore, the Fund has the
14 "most to gain from the lawsuit."  *See Cavanaugh*, 306 F.3d at 730.

15 Next, the Court turns to the "typicality" and "adequacy" requirements of Rule 23(a).  The
16 Court finds that "typicality" is satisfied because the claims and defenses of the Fund "are typical
17 of the claims and defenses of the class."  *See* Fed. R. Civ. Pro. 23(a)(3).  Specifically, the Fund
18 purchased Impax stock and allegedly suffered damages when Impax's alleged misconduct was
19 revealed.  *See* McCormick Decl. Exs. B-C; *see Bodri v. GoPro, Inc.*, 2016 U.S. Dist. LEXIS
20 57559, at *16 (N.D. Cal. Apr. 28, 2016).  In addition, the Fund represents that it is unaware of any
21 conflicts between its claims and those asserted on behalf of the putative class, Mot. at 4, and given
22 that the motion is unopposed, Dkt. No. 18, the Court has no reason to doubt the Fund's
23 representation, *cf. Bodri*, 2016 U.S. Dist. LEXIS 57559, at *16-17 (finding that the typicality
24 requirement was satisfied where movant represented that it was "not aware of any conflicts
25 between its claims and those asserted by the class" and "no other movant ha[d] presented the
26 Court with any reason to doubt these assertions").  The Court also finds that the "adequacy"
27 requirement is satisfied because the Fund "will fairly and adequately protect the interests of the
28 class."  *See* Fed R. Civ. Pro. 23(a)(4).  Specifically, the Fund's "substantial financial stake in the

3

outcome of this litigation, its timely filing of its motion, and the quality of its briefing all demonstrate that it is both motivated to, and capable of, vigorously pursuing this litigation." *See Bodri*, 2016 U.S. Dist. LEXIS 57559, at *17.

Therefore, the Court finds that Step Two's requirements are met.

### C.  Step Three

Step Three consists of "giv[ing] other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730.  The Fund's motion is unopposed.  Dkt. No. 18.  Therefore, this presumption has not been rebutted.  Step Three's requirements are also met.

Based on the foregoing, the Fund's appointment as lead plaintiff is appropriate.

## II.  APPOINTMENT OF LEAD COUNSEL

The Fund has also moved for approval of its selection of Robbins Geller as class counsel. Mot. at 5; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.")  The Court defers to the Fund's choice of lead counsel because the choice is not "so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on that plaintiff's willingness or ability to perform the functions of lead plaintiff."  *See Cavanaugh*, 306 F.3d at 733; *see also id.* at 739 n.11 ("Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class.")  Robbins Geller has extensive experience with complex securities litigation, and has been praised by numerous judges for the quality of the firm's representation in class action litigation. *See* McCormick Decl. Ex. D (firm's resume).  Based on this experience, the firm has been approved as lead counsel in PSLRA cases litigated in this District.  *See Bodri*, 2016 U.S. Dist. LEXIS 57559, at *19 (Tigar, J.).  Therefore, approving the Fund's selection of Robbins Geller as lead counsel is merited.

## III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Fund's motion for appointment of the Fund as lead plaintiff and for approval of Robins Geller as lead counsel.  The Court **SETS** April 17, 2017 as the deadline to file an amended complaint and May 7, 2017 as the deadline for service

of the amended complaint.

**IT IS SO ORDERED.**

Dated: 2/15/2017

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge