ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
        – and –
SPENCER A. BURKHOLZ (147029)
LUKE O. BROOKS (212802)
ERIC I. NIEHAUS (239023)
ANGEL P. LAU (286196)
JEFFREY J. STEIN (265268)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlw.com
lukeb@rgrdlaw.com
eniehaus@rgrdlaw.com
alau@rgrdlaw.com
jstein@rgrdlaw.com

Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GREG FLEMING, Individually and on Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>     vs.<br><br>IMPAX LABORATORIES INC., et al.,<br><br>                        Defendants. | Case No. 4:16-cv-06557-HSG<br><br>CLASS ACTION<br><br>PLAINTIFF'S RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO STRIKE STATEMENT OF RECENT DECISION |

1299663_2

On July 28, 2017, shortly after plaintiff filed its opposition to defendants' motion to dismiss, the Ninth Circuit issued an opinion in *In re Quality Sys., Inc. Sec. Litig.*, No. 15-55173, 2017 WL 3203558 (9th Cir. July 28, 2017), which controls issues directly pertinent to this case. Plaintiff promptly notified the Court of *Quality Sys.* when it filed its Statement of Recent Decision in Support of Opposition to Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 54) (the "Statement") on August 7, 2017. Defendants now move to strike the Statement but their motion misapplies the Local Rules and mischaracterizes plaintiff's filing.

As an initial matter, the prohibition on argumentative late filings applies only "[o]nce a reply is filed." L.R. 7-3(d); *Diamond Real Estate v. Am. Brokers Conduit*, No. 16-cv-03937-HSG, 2017 WL 2180968, at *1 n.3 (N.D. Cal. May 18, 2017) (Gilliam, J.) (noting that L.R. 7-3 "prohibit[s] the filing of any supplemental material ***after the reply***") (emphasis added). Here, plaintiff filed the Statement nine days prior to defendants' deadline to file their reply, leaving ample time to respond in due course. Indeed, defendants directly addressed the *Quality Sys.* opinion in their reply brief. Defendants' Reply Memorandum in Support of Their Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 56) at 12 n.18. Defendants fail to cite a single decision where the Court prohibited argumentative statements before the reply. *See McArdle v. AT&T Mobility LLC*, No C 09-1117 CW, 2010 WL 2867305, at *1, *4 (N.D. Cal. July 20, 2010) (prohibiting argument in statement filed "[a]fter briefing closed"); *Innovative Sports Mgmt., Inc. v. Robles*, No. 13-CV-00660-LHK, 2014 WL 129308, at *1 n.2 (N.D. Cal. Jan. 14, 2014) (same).

Even if Local Rule 7-3(d) prohibited argumentative filings before the reply, which it does not, the Statement should not be stricken. Plaintiff presented the *Quality Sys.* opinion to the Court relying almost exclusively on long and direct quotes from the opinion and defendants' own motion. *See* Statement at 1. Plaintiff found it necessary to provide some commentary to help the Court understand the interaction between the *Quality Sys.* opinion and the parties' filings. In *Quality Sys.*, the Ninth Circuit discussed, among other things, three issues relevant here: mixed forward-looking statements, the cautionary language required to qualify them for the safe harbor of the Private Securities Litigation Reform Act of 1995, and the amount of insider stock sales necessary to strengthen an inference of scienter. *Id.* The parties' lengthy pleadings implicate each of these issues

but the applicable portions are confined and not readily identifiable. Indeed, plaintiff's complaint is 180 pages long and alleges a multifaceted fraudulent scheme. Amended Complaint for Violation of the Federal Securities Laws (Dkt. No. 32). Defendants only challenge one set of fraudulent statements as forward-looking and only briefly mention stock sales in their motion to dismiss. Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 50) at 15, 20. Accordingly, in the Statement, plaintiff identified the relevant excerpts of the *Quality Sys.* opinion and directed the Court to the implicated portions of the parties' filings. Defendants suggest that plaintiff should have instead filed the opinion without comment, leaving the Court to shuffle through a large stack of materials in an attempt to independently ascertain the opinion's relevance to the contested issues in the motion to dismiss. This position has no bearing in logic or the law.

In any event, even if the Court believes Local Rule 7-3(d) controls the Statement and plaintiff crossed the line into argument, the proper response is to simply strike the argumentative portions. *See, e.g.*, *Innovative Sports*, 2014 WL 129308, at *1 n.2 (in a case cited by defendants, the court struck only "the first four paragraphs of the declaration"); *United States v. Anderson*, No. 14-cv-01932-JST, 2015 WL 294831, at *3 (N.D. Cal. Jan. 21, 2015); *Rodgers v. Claim Jumper Rest., LLC*, No. 13-CV-5496 YGR, 2015 WL 1886708, at *15 (N.D. Cal. Apr. 24, 2015); *Glauser v. GroupMe, Inc.*, No. C 11-2584 PJH, 2015 WL 475111, at *8 (N.D. Cal. Feb. 4, 2015. Whether or not the Court decides to strike portions of the Statement, the Ninth Circuit authority in *Quality Sys.* still controls. *See Abad v. Williams, Cohen & Gray, Inc.*, No. C 06-02550 SBA, 2008 WL 2788093, at *3 (N.D. Cal. July 18, 2008).

Defendants' alternative proposal – that the Court consider its admittedly argumentative proposed response – is simply an attempt to evade the page limitation on reply and should be rejected. As mentioned above, defendants had every opportunity to address *Quality Sys.* in their reply brief, and did, relegating that argument to a footnote. If defendants wished to present additional argument on *Quality Sys.*, they should have made room for it in their brief. Defendants' desire to file an argumentative response in addition to the reply also runs contrary to the spirit of Local Rule 7-3(d), which is designed to "'deter an endless cycle of filings and counter-filings.'" *See Sciortino v. PepsiCo, Inc.*, 108 F. Supp. 3d 780, 793 n.4 (N.D. Cal. 2015) (citation omitted).

1     Accordingly, defendants' motion to strike the Statement should be denied and their additional
2 argument disregarded.

3 DATED: August 21, 2017                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ
LUKE O. BROOKS
ERIC I. NIEHAUS
ANGEL P. LAU
JEFFREY J. STEIN


                              s/ Luke O. Brooks
                             LUKE O. BROOKS

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

Lead Counsel for Plaintiff

1299663_2

PLAINTIFF'S RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO STRIKE
STATEMENT OF RECENT DECISION - 4:16-cv-06557-HSG - 3 -

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 21, 2017.

s/ Luke O. Brooks
LUKE O. BROOKS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:lukeb@rgrdlaw.com

1299663_2

# Mailing Information for a Case 4:16-cv-06557-HSG Fleming v. Impax Laboratories Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Luke O Brooks**
  lukeb@rgrdlaw.com,schateauneuf@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Spencer A. Burkholz**
  SpenceB@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **J Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Angel Puimei Lau**
  alau@rgrdlaw.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jeremy A Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,lpvega@pomlaw.com

- **Tricia Lynn McCormick**
  triciam@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Eric Ian Niehaus**
  ericn@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,kmsaletto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Marcy Christina Priedeman**
  marcy.priedeman@lw.com,#sflitigationservices@lw.com,marcy-priedeman-6759@ecf.pacerpro.com,judy.nguyen@lw.com

- **Jeffrey James Stein**
  jstein@rgrdlaw.com

- **Christopher S. Turner**
  christopher.turner@lw.com

- **Peter Allen Wald**
  peter.wald@lw.com,peter-wald-7073@ecf.pacerpro.com,#sflitigationservices@lw.com

- **Morgan Edwin Whitworth**
  morgan.whitworth@lw.com,#sflitigationservices@lw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`